# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MOUNTAIN LAUREL ASSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 2:17-cv-02660-TLP-tmp<br>)<br>) |
| ANTHONY WORTHAM, BEVERLY D. LOVERSON, A.L., A MINOR, HAROLD RAYFORD, KRISTIN RAYFORD, VENCIENT THORNTON, AND ELDER CARE SOCIAL SERVICES, LLC, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER GRANTING PLAINTIFF'S MOTION
## FOR SUMMARY JUDGMENT

Plaintiff, Mountain Laurel Assurance Company ("Mountain Laurel"), moves this Court for summary judgment declaring it owes no duty to defend or indemnify Defendants Kristin and Harold Rayford (the "Rayfords") in the Underlying Litigation.[1] (ECF No. 45.) Although Defendants Harold and Kristin Rayford do not agree with Mountain Laurel, they filed no opposition to the motion. For the reasons below, Mountain Laurel's motion is GRANTED.

## BACKGROUND

Mountain Laurel sued seeking Declaratory Judgment under 28 U.S.C. §§ 2201–2202 and Rule 57 of the Federal Rules of Civil Procedure. (ECF No. 8.) In particular, Mountain

---

[1] The "Underlying Litigation" refers to the two actions filed in state court against Defendant Harold Rayford. (ECF Nos. 8–10.)

Laurel wants a declaration that it owes no duty to defend or indemnify the Rayfords for any liability arising out of the automobile accident at issue in the Underlying Litigation. (ECF No. 8 at PageID 119.) Under Rule 56, Mountain Laurel now seeks an order granting summary judgment in its favor and providing the relief requested in the Complaint. (ECF Nos. 45–46.) Defendants Elder Care Social Services, LLC ("Elder Care") and Vencient Thornton and the Rayfords responded by saying they did not contest Mountain Laurel's Statement of Undisputed Facts. (ECF Nos. 47 and 51.) The remaining Defendants[2] have failed to respond within the twenty-eight (28) day period provided by Local Rule 56.1(b). The motion is thus ripe for adjudication.

## STANDARD OF REVIEW

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In considering a motion for summary judgment, [a] court construes all reasonable inferences in favor of the nonmoving party." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." *Mosholder v. Barnhardt*, 679 F.3d 443, 448 (6th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

With that in mind, to show that a fact either "cannot be or is genuinely disputed," each party must cite "particular parts of materials in the record" or show that the other party's cited materials do not establish the presence or absence of a genuine factual dispute. Fed. R. Civ. P. 56(c)(1); *see also Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 776 (6th Cir. 2012).

---

[2] Beverly D. Loverson; Anthony Wortham; and A.L., a minor.

2

For that reason, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). And "the district court has no 'duty to search the entire record to establish that it is bereft of a genuine issue of material fact.'" *Pharos Capital Partners, L.P. v. Deloitte & Touche*, 535 F. App'x 522, 523 (6th Cir. 2013) (per curiam) (quoting *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008), *abrogation recognized by Anderson v. City of Blue Ash*, 798 F.3d 338 (6th Cir. 2015)).

Another consideration for the Court is whether a given fact is "material." "A fact is 'material' for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." *Bruederle*, 687 F.3d at 776. Courts also tell us what a "genuine issue" is. "A *genuine* issue for trial exists where reasonable minds could differ on a material fact." *Henschel v. Clare Cty. Rd. Comm'n*, 737 F.3d 1017, 1022 (6th Cir. 2013) (emphasis added). There must be more than "some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is not 'genuine issue for trial.'" *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita*, 475 U.S. at 586–87).

The burden of proof can shift in the context of a summary judgment. "Once the moving party satisfies its initial burden (to show the absence of a genuine issue of material fact), the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." *Mosholder*, 679 F.3d at 448–49; *see also* Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 587. The Court considers movant's statement of material facts as undisputed for purposes of summary judgment if the non-moving party fails to respond to that statement within the required time. LR 56.1(d).

## ANALYSIS

The Court first determines if it has subject matter jurisdiction over this Declaratory Judgment Act[3] claim. *See Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 (6th Cir. 2012). "The Declaratory Judgment Act does not provide an independent basis for jurisdiction. Rather, it provides courts with discretion to fashion a remedy in cases where federal jurisdiction already exists." *One Beacon Ins. Co. v. Chiusolo*, 295 F. App'x 771, 775 (6th Cir. 2008) (citing *Heydon v. MediaOne of Southeast Mich., Inc.*, 327 F.3d 466 470 (6th Cir. 2003)). The Court has jurisdiction under 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000.

And the "case or controversy" requirement of Article III of the United States Constitution is satisfied. "The Declaratory Judgment Act provides that, '[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007) (quoting 28 U.S.C. § 2201(a)). The "case of actual controversy" requirement refers to the constitutional "cases or controversies" requirement in Article III of the United States Constitution. *Id.* (citing *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937)).

The "cases or controversies" requirement instructs courts to determine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quoting *Maryland Casualty Co. v. Pacific Coal*

---

[3] 28 U.S.C. §§ 2201–2202.

*& Oil Co.*, 312 U.S. 270, 273 (1941)). A controversy exists here because Plaintiff would suffer immediate economic harm should relief be denied. *See United States v. Windsor*, 133 S. Ct. 2675, 2686 (2013) (holding that the risk of having to expend Treasury funds was a "real and immediate economic injury"). The Court therefore possesses both constitutional and statutory jurisdiction over this matter.

**I.    Undisputed Facts**

Mountain Laurel filed a statement of undisputed facts for this case (ECF No. 46), to which the defendants did not timely object. The Court thus finds that the following material facts are established by the record and not subject to a genuine dispute.

The Underlying Litigation relates to an accident occurring on March 9, 2016, when Mr. Rayford's car struck Elder Care's van. (ECF No. 8-14 at PageID 215–17); (ECF No. 46-1 at PageID 337.) Defendant Vencient Thornton was driving the van with passengers Anthony Wortham, Beverly Loverson, and A.L., a minor, on board. (ECF No. 46-1 at PageID 337.) The accident occurred at approximately 11:26 a.m. (CST) and police officers arrived eighteen minutes later. (ECF No. 8-14 at PageID 215); (ECF No. 46-1 at PageID 338.)

At the exact time of the accident, the Rayfords did not have auto insurance. Their auto insurance policy was rescinded before the accident,[4] when the Rayford's bank did not honor the initial premium payment. (ECF No. 46-1 at PageID 336–37); (ECF No. 46-2 at PageID 340.) Apparently the lack of insurance did not go unnoticed by the Rayfords, as Ms. Rayford called to acquire auto insurance a mere twenty-five minutes after the accident. (ECF No. 46-1 at PageID 338.) Ms. Rayford successfully obtained insurance coverage, and Mountain Laurel

---

[4] The old insurance policy, serviced by Progressive and underwritten by Mountain Laurel, was rescinded on January 23, 2016. (ECF No. 46-2 at PageID 340.) This occurred more than a month before the accident at the heart of the underlying litigation.

issued her a Tennessee Auto Policy by Progressive (the "Policy").[5] But the effective period began at 12:14 p.m. (CST) on March 9, 2016 (ECF No. 8-11 at PageID 169), approximately 48 minutes after the accident occurred. The insurance policy listed Ms. Rayford as the named insured party with Mr. Rayford as a household resident and driver on the Policy. (ECF No. 46-1 at PageID 337.)

In due course, Defendant Anthony Wortham filed a personal injury suit against Mr. Rayford in Tennessee state court, alleging $150,000 in damages. (ECF No. 8-9 at PageID 140–44.) Defendant Beverly Loverson sued Mr. Rayford separately, alleging $67,000 in damages. (ECF No. 8-9 at PageID 145–50.) Both plaintiffs amended their lawsuits to add claims against Thornton and Elder Care. (ECF No. 8-10.) These lawsuits are collectively referred to as the "Underlying Litigation." The Underlying Litigation alleges that Mr. Rayford is liable for the personal injuries and other damages because he acted negligently in causing or contributing to the accident on March 9, 2016. (*Id.*)

Predictably, the Rayfords made a claim on their new insurance coverage asking that Mountain Laurel defend and indemnify them in the Underlying Litigation. As a result, Mountain Laurel filed this declaratory action. Mountain Laurel's duty to defend or indemnify the Rayfords in the Underlying Litigation turns on the coverage provided in the new policy - number 909296470.

---

[5] Policy number 909296470, with effective dates of March 9, 2016 to September 9, 2016. (ECF No. 8-12.) Plaintiff underwrites the new insurance policy.

## II. Applicable Law

### A. Choice of Law

Federal courts sitting in diversity apply the choice-of-law rules of the forum state; here, Tennessee. *See Performance Contracting Inc. v. DynaSteel Corp.,* 750 F.3d 608, 611 (6th Cir. 2014). Under Tennessee choice of law rules, courts typically apply the law of the jurisdiction provided for in the choice of law provision of the contract, unless that jurisdiction's law is repugnant to a fundamental policy of a state "having [a] 'materially greater interest' and whose law would otherwise govern." *Williams v. Smith*, 465 S.W.3d 150, 153 (Tenn. Ct. App. 2014) (citing *Goodwin Bros. Leasing, Inc. v. H&B Inc.*, 597 S.W.2d 303, 306 n.2 (Tenn. 1980)). Here, Tennessee law governs. The choice of law provision in the insurance contract states that Tennessee law applies (ECF No. 8-13 at PageID 208) and the policy was issued to a Tennessee resident under Tennessee law. So the Court applies Tennessee law to determine whether Plaintiff has a duty to defend or indemnify the Rayfords under the insurance agreement.

### B. Duty to Defend or Indemnify

Whether an insurer owes a duty to defend is an issue of law and courts may resolve such issues by summary judgment. *Travelers Indem. Co. of America v. Moore & Assocs., Inc.*, 216 S.W.3d 302, 305 (Tenn. 2007). The answer to the question turns entirely on the allegations in the underlying complaint. *General Agents Ins. Co. of America, Inc. v. Mandrill Corp., Inc.*, 243 F. App'x 961, 964 (6th Cir. 2007) (citing *St. Paul Fire & Marine Ins. Co. v. Torpoco*, 879 S.W.2d 831, 835 (Tenn. 1994)). "Accordingly, the insurer has a duty to defend when the underlying complaint alleges damages that are within the risk covered by the insurance contract and for which there is a potential basis for recovery." *Moore & Assocs,*

*Inc.*, 216 S.W.3d at 305. "This so-called 'pleadings test' does not depend on the actual facts on which the claimants base their claim, but only the allegations in the pleadings." *Mandrill Corp.*, 243 F. App'x at 964 (citing *Torpoco*, 879 S.W.2d at 835)). Doubts over whether allegations fall within the coverage of the policy are resolved in favor of the insured. *Moore & Assocs, Inc.*, 216 S.W.3d at 305.

The insurer's duty to defend is much broader than the duty to indemnify. To determine whether the duty to indemnify exists, courts look to the "true facts" of the claims, not just the allegations. *Torpoco*, 879 S.W.2d at 835 (citing *Policyholders' Ins. Co. v. Cumberland Cold Storage Co.*, 373 A.2d 247 (Me. 1977)). An insurer typically does not have a duty to indemnify the insured if it does not also have a duty to defend that party. *See Place v. P.F. Chang's China Bistro, Inc.*, No. 2:12-cv-2656-SHL-cgc, 2015 WL 11145058, at *8 (W.D. Tenn. Mar. 23, 2015).

Insurance policies are interpreted like other contracts. So an unambiguous policy provision is interpreted in accordance with its express terms. *Charles Hampton's A-1 Signs, Inc. v. American States Ins. Co.*, 225 S.W.3d 482, 487 (Tenn. Ct. App. 2006). If susceptible to more than one reasonable interpretation, the terms of an insurance policy are ambiguous. *Tata v. Nichols*, 848 S.W.2d 649, 650 (Tenn. 1993). And ambiguous terms are construed against the insurance company and in favor of the insured. *Id.* (citing *Allstate Ins. Co. v. Watts*, 811 S.W.2d 883, 886 (Tenn. 1991). "Absent fraud or mistake, the terms of a contract should be given their plain and ordinary meaning, for the primary rule of contract interpretation is to ascertain and give effect to the intent of the parties." *U.S. Bank, N.A. v. Tennessee Farmers Mutl. Ins. Co.*, 277 S.W.3d 381, 386–87 (Tenn. 2009) (citing *Christenberry v. Tipton*, 160 S.W.3d 487, 494 (Tenn. 2005)). The Court cannot rewrite the

policy because it finds the provisions unfavorable or harsh to the insured.  *Angus v. Western Heritage Ins. Co.*, 48 S.W.3d 728, 731 (2000).

### III.     Mountain Laurel's Duty to Defend or Indemnify

The Court first looks at the Policy to determine what claims it covers.[6]  The Policy provides coverage for a 2013 Ford Focus and a 2009 Cadillac Escalade.  (ECF No. 8-12 at PageID 175.)  The Escalade was in the accident.  (ECF No. 9-14 at PageID 215.)  The Policy consists of the contract, the insurance application, and the declarations page.  (ECF No. 8-13 at PageID 182.)  The Policy covers bodily injury or property damages for which the Rayfords become legally responsible because of an accident.  (*Id*. at PageID 184.)  At the same time, however, the Policy unambiguously states that "[t]his policy applies only to accidents and losses occurring during the policy period shown on the **declarations page** . . . ."  (*Id*. at PageID 206.)  The declarations page, in turn, states that "[y]our coverage began on March 9, 2016 *at the later* of 12:01 a.m. or the effective time shown on your application."  (ECF No. 8-12 at PageID 175) (emphasis added).  And the applications page lists the effective date and time as "Mar 9, 2016 at [12:14 P.M. CST]."[7]  (ECF No. 8-11 at PageID 169.)  The Court finds these terms to be unambiguous.  Mountain Laurel is thus not liable to defend the Rayfords in any action related to an automobile accident occurring before 12:14 P.M. (CST) on March 9, 2016.

---

[6] The Rayfords had held, though for a short time, an insurance policy that would have covered liability arising from the Underlying Litigation.  (ECF No. 46 at PageID 327.)  That policy was cancelled however on January 23, 2016, for nonpayment of the premium.  (*Id*. at PageID 328); (ECF No. 46-2 at PageID 340.)

[7] The application lists the eastern standard time of 1:14 P.M.  (See ECF No. 8-11 at PageID 169.)

9

The Court should next look to the allegations in the Underlying Litigation to determine whether the Policy covers the claims. *See Mandrill Corp., Inc.*, 243 F. App'x at 964. The allegations in the Underlying Litigation flow from the vehicle accident that occurred at about 11:26 a.m. (CST) on March 9, 2016. (See ECF No. 8-10.) There is no dispute about that fact. The complaints allege negligence on behalf of Mr. Rayford and liability for personal injury and other damages resulting from that accident. (*Id*.) The allegations in the Underlying Litigation do not fall within the coverage provided under the Policy. Thus, Mountain Laurel owes no duty to defend the Rayfords here.

An insurer's duty to defend is broader than the duty to indemnify. *See Torpoco*, 879 S.W.2d at 835. While the duty to defend is based on the allegations in the pleadings, the duty to indemnify turns on the "true facts" of the claims. *Id*. The "true facts" here demonstrate that the accident occurred about an hour before the insurance policy took effect. Thus, Mountain Laurel has no duty to indemnify the Rayfords for liability arising from the Underlying Litigation.

Having reviewed the allegations in the Underlying Complaint in the light most favorable to the non-moving parties, the Court determines that Mountain Laurel has no duty to defend or indemnify the Rayfords. Mountain Laurel's Motion for Summary Judgment is GRANTED.

## **CONCLUSION**

Based on the foregoing analysis, Mountain Laurel's Motion for Summary Judgment (ECF No. 45) is GRANTED

**SO ORDERED**, this 23rd day of October, 2018.

                                            s/Thomas L. Parker
                                          THOMAS L. PARKER
                                          UNITED STATES DISTRICT JUDGE